[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15086

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 31, 2011
JOHN LEY
CLERK

D. C. Docket No. 06-61471-CV-KAM

DIANE SPAKES,

Plaintiff-Appellee,

versus

BROWARD COUNTY SHERIFF'S OFFICE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 31, 2011)

Before BARKETT and MARCUS, Circuit Judges, and RESTANI,[*] Judge.

PER CURIAM:

_____

[*] Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

The Broward County Sheriff's Office ("BSO") appeals from a judgment following a jury trial in which the jury found that BSO interfered with its employee Diane Spakes's statutory right to request medical leave and fired her in retaliation for her protected leave request, in violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2615(a)(1) and (a)(2) respectively.[1]  The district court awarded Spakes back pay, prejudgment interest, liquidated damages, five years of front pay, and attorneys' fees.

The case arises from BSO's termination of Spakes shortly after she notified her supervisor of a need for leave to treat an infection.  After calling in sick for two days, Spakes returned to work on a Monday.  The next day, she spoke with her supervisor about her condition and told him that she would need to miss some work for regular treatments.  On Friday, she handed in her FMLA leave request.  BSO terminated her for alleged performance deficiencies the following Monday.  After hearing conflicting accounts of Spakes's performance, the jury found that

---

[1] The FMLA entitles eligible employees to twelve weeks of leave during any twelve-month period because of a serious health condition, 29 U.S.C. § 2612(a)(1)(D), as well as the right to be reinstated to the position that they held when the leave began or to an equivalent position, id. at § 2614(a)(1).  Plaintiffs have two types of claims under the FMLA: "interference claims, in which an employee asserts that his employer denied or otherwise interfered with his substantive rights under the Act, and retaliation claims, in which an employee asserts that his employer discriminated against him because he engaged in an activity protected by the Act." Strickland v. Water Works & Sewer Bd. of Birmingham, 239 F.3d 1199, 1206 (11th Cir. 2001) (citations omitted).

Spakes gave BSO proper notice of her need for FMLA leave, BSO had terminated her because of her FMLA request, and it would not have terminated her but for the request.

Having considered the record, briefs, and arguments of counsel on all of BSO's claims, we find no reversible error. We write specifically to address two claims: first, that Spakes's suit is barred because she filed a Department of Labor ("DOL") complaint; and second, that the jury instructions on the interference claim misstated the law.

Employees generally have the right to file a civil action against their employers for FMLA violations, subject to certain exceptions. 29 U.S.C. § 2617(a). Specifically, § 2617(a)(4) lists the "Limitations" as only terminating the right of action in two situations: "(A) on the filing of a complaint by the Secretary in an action under subsection (d) . . . or (B) on the filing of a complaint by the Secretary in an action under subsection (b) . . . ." 29 U.S.C. § 2617(a)(4) (emphasis added). Although the statute specifies only these two limits, neither applicable here, BSO argues that DOL regulations allow an employee to file either an agency complaint or a civil suit, but not both. See 29 C.F.R. § 825.400(a) ("The employee has the choice of: (1) Filing . . . a complaint with the Secretary of Labor, or (2) Filing a private lawsuit . . . ."). But where the statute provides a right to a

cause of action and lists the limitations, regulations cannot contravene the statute by terminating the right where the statute did not so authorize. Thus, the district court was correct in finding that Spakes's agency complaint does not bar her from filing suit.

As to the jury instructions on the interference claim, BSO claims that the court erred by not requiring Spakes to prove a causal nexus between her leave request and her termination.[2] Our cases make clear that a causal nexus is not an element of an interference claim, but that the employer can raise the lack of causation as an affirmative defense. "To prove FMLA interference, an employee must demonstrate that he was denied a benefit to which he was entitled under the FMLA." Martin v. Brevard Cnty. Pub. Sch., 543 F.3d 1261, 1266-67 (11th Cir. 2008). "[T]he employer's motives are irrelevant." Id. at 1267 (quoting Strickland v. Water Works & Sewer Bd. of Birmingham, 239 F.3d 1199, 1208 (11th Cir. 2001)). Indeed, the causal nexus element is the "increased burden" that a retaliation plaintiff faces that an interference plaintiff does not. Id. at 1267-68 (quoting Strickland, 239 F.3d at 1207). Thus, the court correctly excluded a causal

_____

[2] "We review jury instructions de novo to determine whether they misstate the law or mislead the jury to the prejudice of the objecting party, . . . [and r]eversal is warranted for the failure to give a proposed instruction only if this failure prejudiced the requesting party." Goldsmith v. Bagby Elevator Co., 513 F.3d 1261, 1276 (11th Cir. 2008) (citations omitted).

nexus from its recitation of the elements of interference.  However, BSO was entitled to raise its alleged lawful reasons for termination as an affirmative defense to liability.  If an employer demonstrates that it would have discharged an employee "for a reason wholly unrelated to the FMLA leave, the employer is not liable" under the FMLA for damages for failure to reinstate.  Strickland, 239 F.3d at 1208; see 29 C.F.R. § 825.216.  Although the court here instructed the jury that this defense applied only to the retaliation claim, its failure to give the defense in conjunction with the interference claim is harmless because the jury specifically rejected this defense in its special verdict.

Accordingly, we affirm the judgment and verdict on all claims.

**AFFIRMED**.