[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 23, 2011
JOHN LEY
CLERK

No. 10-13889
Non-Argument Calendar
_____

D. C. Docket No. 2:09-cv-00051-WKW-TFM

RICO R. MCCOY,

Petitioner-Appellant,

versus

STATE OF ALABAMA DEPARTMENT OF CORRECTIONS,
RICHARD F. ALLEN,
Comm.,
JOHN CUMMINS, II,
Warden,
V. L. NAPIER,
Captain,
VIVIAN LANGFORD,
Lt.,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(May 23, 2011)

Before TJOFLAT, CARNES and MARTIN, Circuit Judges.

PER CURIAM:

Rico McCoy, proceeding pro se, appeals the district court's grant of summary judgment in favor of his former employer, the Alabama Department of Corrections, and several of his superiors (collectively "ADOC").[1] McCoy argued before the district court that when the ADOC fired him, it violated, among other things, his First, Fifth, and Fourteenth Amendment rights to free speech, free association, due process, freedom from race and gender discrimination and retaliation; his civil rights under Title VII; the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, et seq.; the Americans with Disabilities Act, 42 U.S.C. §§ 12102, et seq.; and ten different state law causes of action. At summary judgment, the district court found that McCoy's claims were frivolous and unsupported by the record. After thorough review, we affirm.

---

[1] McCoy's notice of appeal provides that he appeals the district court's "order entered . . . on the 11[th] day of August 2010." In that order, the district court denied McCoy's motion to amend, alter or vacate the judgment under Fed. R. Civ. P. 59(e) and 60(b)(1). We must, however, liberally construe the notice of appeal in favor of the appellant "where the intent to appeal an unmentioned or mislabeled ruling is apparent and there is no prejudice to the adverse party." Campbell v. Wainwright, 726 F.2d 702, 704 (11th Cir. 1984). McCoy's initial brief makes clear his intent to appeal the district court's underlying order granting summary judgment in favor of ADOC. We therefore construe his notice of appeal as covering that order.

On appeal McCoy argues that the district court erred in granting summary judgment on his due process and FMLA claims.[2]  "This Court reviews de novo summary judgment rulings and draws all inferences and reviews all evidence in the light most favorable to the non-moving party."  Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011).  "Summary judgment is appropriate only 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"  Id. (quoting Fed. R. Civ. P. 56(a)).

I.

McCoy first argues that genuine issues of material fact preclude summary judgment on his due process claim.  Specifically, McCoy argues that ADOC failed to comply with internal procedures for timely service of a notice of suspension.  "[T]he Constitution requires that the state provide fair procedures and an impartial decisionmaker before infringing on a person's interest in life, liberty, or property."  McKinney v. Pate, 20 F.3d 1550, 1561 (11th Cir. 1994) (en banc).  "[A] tenured employee is entitled to oral or written notice of the charges against him, an

---

[2] McCoy has waived his challenge to the district court's grant of summary judgment on his remaining claims by failing to brief these issues fully on appeal.  See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (recognizing that "issues not briefed on appeal by a pro se litigant are deemed abandoned"); see also Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (holding that a party waives an issue by failing to make substantive arguments with respect to that issue in his brief on appeal).

3

explanation of the employer's evidence, and an opportunity to present his side of the story." Id. (quotation marks omitted). Thus, the employee is entitled to a pre-termination hearing to determine "whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action." Id. (quotation marks omitted).

McCoy's procedural due process claim lacks merit.[3] McCoy does not dispute that ADOC gave him written notice of his termination and the reasons for it. Nor does McCoy dispute either that ADOC held a hearing before his termination or that after McCoy's termination, he had an additional administrative hearing before the Alabama Personnel Board. Moreover, McCoy waived his right to administrative hearings when ADOC provided written notice of all but one of his suspensions from work before his termination. When McCoy chose to exercise his right to an administrative hearing upon his fifteen-day suspension, ADOC afforded him a hearing and gave him a chance to tell his side of the story. In light

_____

[3] To the extent that McCoy raises a substantive due process claim, that claim is invalid in this context. "[I]n non-legislative cases, only procedural due process claims are available to pretextually terminated employees." McKinney, 20 F.3d at 1556, 1560 ("[A]reas in which substantive rights are created only by state law (as is the case with tort law and employment law) are not subject to substantive due process protection under the Due Process Clause . . . ."). Because McCoy's termination stems from a non-legislative act, he may raise a procedural, but not a substantive, due process claim. See id. at 1557 n.9. ("The most common examples [of non-legislative acts] are employment terminations.")

of these facts, we cannot say that McCoy satisfied his burden to show a genuine issue of material fact on his due process claim.

## II.

McCoy next argues that genuine issues of material fact remain on his FMLA claim which preclude summary judgment. Specifically, McCoy argues that ADOC improperly failed to excuse his absences when he took time off from work to (1) attend his former legal guardian's funeral; (2) search for his wife when she was missing; and (3) have his mother involuntarily committed for mental health treatment. "The FMLA entitles an eligible employee to twelve work weeks of unpaid leave during any twelve-month period if []he needs the leave in order 'to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition.'" Cruz v. Publix Super Markets, Inc., 428 F.3d 1379, 1382 (11th Cir. 2005) (quoting 29 U.S.C. § 2612(a)(1)(C)). "To prove FMLA interference, an employee must demonstrate that he was denied a benefit to which he was entitled under the FMLA." Spakes v. Broward Cnty. Sheriff's Office, 631 F.3d 1307, 1309 (11th Cir. 2011) (quotation marks omitted).

McCoy has failed to show that he was denied a benefit to which he was entitled under the FMLA. Neither his absence to attend a funeral nor his absence

5

to search for his missing wife involved caring for a relative with "a serious health condition" as required for coverage under the FMLA. See 29 U.S.C. § 2612(a)(1)(C); see also Scobey v. Nucor Steel-Arkansas, 580 F.3d 781, 788 (8th Cir. 2009) (noting that attending a funeral is not protected activity under the FMLA); Andonissamy v. Hewlett-Packard Co., 547 F.3d 841, 852 (7th Cir. 2008) (same). Although McCoy's mother's mental illness may constitute "a serious health condition," McCoy failed to establish before the district court that he requested leave or gave ADOC notice of his need for time off to care for her. "The FMLA requires employees to provide 30 days advance notice of the leave, when the need to take leave is foreseeable." Cruz, 428 F.3d at 1382; see also 29 U.S.C. § 2612(e)(2)(B). If leave is not foreseeable, notice must be given "as soon as practicable under the facts and circumstances of the particular case." Id. (quotation marks omitted); see also 29 C.F.R. § 825.303(a). The district court therefore properly granted summary judgment in favor of ADOC on McCoy's FMLA claim.

For these reasons, we AFFIRM the district court's grant of summary judgment in favor of ADOC.

AFFIRMED.

6