WHITTEMORE, District Judge,
dissenting:
While I agree that the district court’s summary judgment against Rodriguez on her termination/retaliation claim should be affirmed, I conclude that her interference/reinstatement claim likewise fails and the district court’s summary judgment in favor of the University on that claim should be affirmed.
Although Rodriguez established a prima facia case that she was not reinstated to the same position when she returned from FMLA leave, the University met its burden of showing that the reasons for its failure to reinstate her were wholly unrelated to her taking FMLA leave, consistent with its First and Sixth Affirmative Defenses of lack of causation and no right to reinstatement. See Spakes v. Broward County Sheriff's Office, 631 F.3d 1307, 1309 (11th Cir.2011) (Our cases make clear that a causal nexus is not an element of an interference claim, but that the employer can raise the lack of causation as an affirmative defense.).
The undisputed facts, as set out in the district court’s Final Summary Judgment, are that Rodriguez experienced a deteriorating relationship with her supervisor, Francetta Allen, causing Rodriguez to worry that she would lose her job. As a result, Rodriguez began suffering from anxiety and panic attacks and eventually contracted contagious dermatitis. According to the parties’ Joint Pretrial Statement, Rodriguez took medical leave under the FMLA due to this serious health condition. She remained on leave for the full *927 twelve weeks permitted by law, and returned to work on January 4, 2010.[1]
Although she was scheduled to return to her original position with Allen, before returning to work, Rodriguez requested a meeting with Human Resources and Ms. Allen. According to Rodriguez:
I was concerned about the fact that she wasn’t communicating with me. I wanted to know what was going on with her because she wasn’t communicating with me on any level at the end. So I needed to find out what was the issue, why she was behaving like this with me.
So I asked [for] the meeting to address whatever issue was there, and move on, thinking that whatever have to be done, I am willing to do it, because I didn’t want to lose my job.
I was ready, yeah. I was ready, because I like to — if anything was wrong with me, I need to know to fix it and move on. But I cannot fix anything because she wasn’t communicating anything with me. Pretty much she was avoiding me all the time.
Exactly what was said at the meeting between Rodriguez, Allen, Errol Douglas and Maribel Felix is, as the majority notes, disputed. According to the University, Rodriguez did not want to work with Allen and requested a transfer. According to Rodriguez, she never requested a transfer. These disputed facts are immaterial, however, because there is no evidence that Rodriguez was re-assigned because she exercised her FMLA rights.[2]
Indeed, viewing the facts in a light most favorable to Rodriguez, on the day she returned to work after her FMLA leave, she was scheduled to be reinstated to her original position. However, on the morning she was to return to work, Rodriguez requested the meeting with HR and Allen. The discussion at the meeting had nothing to do with Rodriguez taking FMLA leave. And, according to Rodriguez, Douglas reassigned her because of the problems between her and Allen. Even if Douglas’ reason for re-assigning Rodriguez was based in part on his disputed contention that she requested a transfer, there is no evidence that Rodriguez’ re-assignment was causally related to the exercise of FMLA rights.
The FMLA grants employees such as Rodriguez the right to reinstatement at their former position or its equivalent upon return from leave. 29 U.S.C. § 2614(a)(1)(A); Strickland v. Water *928 Works and Sewer Bd. of City of Birmingham, 239 F.3d 1199, 1208 (11th Cir.2001). Her right to reinstatement was not absolute, however. Schaaf v. Smithkline Beecham Corp., 602 F.3d 1236, 1241 (11th Cir. 2010). Rather, “[i]f an employer can show that it refused to reinstate the employee for a reason wholly unrelated to the FMLA leave, the employer is not liable.” Strickland v. Water Works and Sewer Bd. of City of Birmingham, 239 F.3d at 1208.
Here, the record demonstrates that Rodriguez experienced performance problems before taking FMLA leave. She admits that those problems started in June or July 2009, several months before she requested FMLA leave. Rodriguez acknowledges that during the meeting with Human resources and Allen, Allen laid out specific pre-leave reasons for her disappointment, including Rodriguez’ lack of initiative, failure to schedule meetings and the need to correct meeting minutes prepared by Rodriguez. According to Rodriguez, Douglas acknowledged the problems between Rodriguez and Allen and suggested a transfer if another position was available but if not, Rodriguez would return to her former position with a job performance plan.
It logically follows, therefore, in temporarily assigning Rodriguez to a lesser position, the University was motivated not by her taking FMLA leave but because of the problems between Rodriguez and Allen relating to Rodriguez’ job performance. Similar to the employee in Schaaf Rodriguez was therefore not entitled to reinstatement to her original position because she had performed poorly in her job before she took FMLA leave. Had she not taken leave, the University would have been justified in demoting and reassigning her, which is essentially what occurred. Or, she could have been placed on a performance plan, as Douglas had suggested, if no other positions were available. Accordingly, even accepting Rodriguez’ version of what occurred and why, the undisputed facts demonstrate that the University’s failure to reinstate her was wholly unrelated to her taking FLMA leave, as the district court correctly found.

. According to Rodriguez’ deposition testimony, when she returned to work, she was feeling much better but continued to suffer from anxiety and panic attacks, was still on medication, and was still treating with a psychiatrist and psychologist. The University contends that this demonstrates that she was unable to perform the essential functions of her original position, and therefore it was not obligated to reinstate her to her original position. The district court's judgment was not premised on this reasoning, however, but rather on the lack of causation between the failure to reinstate and Rodriguez’ exercise of FMLA rights.

. Summary judgment is appropriate where the pleadings and supporting materials establish that there are no genuine issue of material fact and the movant is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A factual dispute is “material” if it may determine the outcome under applicable substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment ...” Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).