[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15550
Non-Argument Calendar
_____

D.C. Docket No. 2:09-cv-00030-AKK

CRYSTAL P. GREEN,

Plaintiff-Appellant,

versus

US STEEL CORPORATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(December 19, 2013)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Crystal Green, a former employee of U.S. Steel Corp. ("U.S. Steel"), appeals

the jury verdict in favor of U.S. Steel on her claims of interference and retaliation

under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2615(a)(1).

Green's claims relate to a bout of influenza that she had in February 2008, which caused her to miss several day of work. Before that time, Green had entered into a "Last Chance Agreement" with U.S. Steel, due to prior instances of absenteeism. Per the Last Chance Agreement, Green was required to provide a doctor's note for any absences immediately upon her return to work. U.S. Steel terminated Green following her February 2008 absences because she did not obtain a doctor's note for several of the days that she was absent until after her return to work.

In instructing the jury, the district court used our pattern jury instructions and a verdict form that asked the jury to answer questions as to each element of Green's respective claims. As to each claim, the jury determined that Green had not proved the first element -- that she suffered from a "serious health condition." The verdict form instructed the jury that, if it determined that Green did not suffer from a "serious health condition," it need not deliberate further. On appeal, Green argues that: (1) the district court abused its discretion in using the pattern jury instructions and declining to issue several of her proposed instructions; and (2) the district court abused its discretion in admitting evidence of her prior history of absenteeism. After careful review, we affirm.

We apply a deferential standard of review to a district court's jury instructions. Eskra v. Provident Life & Accident Ins. Co., 125 F.3d 1406, 1415 (11th Cir. 1997). "If the instructions accurately reflect the law, the trial judge is

2

given wide discretion as to the style and wording employed in the instruction." Id. (quotations omitted). We review de novo whether the instructions accurately reflect the law. Id. "When the instructions, taken together, properly express the law applicable to the case, there is no error even though an isolated clause may be inaccurate, ambiguous, incomplete or otherwise subject to criticism." Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1283 (11th Cir. 2008) (quotation omitted). We also apply harmless error review to jury instructions. See Spakes v. Broward Cnty. Sheriff's Office, 631 F.3d 1307, 1310 (11th Cir. 2011). A district court has broad discretion in determining the admissibility of evidence, and we will not reverse an evidentiary ruling absent a clear showing of abuse of discretion. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscaping Serv., Inc., 556 F.3d 1232, 1243 (11th Cir. 2009). We will not overturn an evidentiary ruling unless the moving party demonstrates that the error "probably had a substantial influence on the jury's verdict." Burchfield v. CSX Transp., Inc., 636 F.3d 1330, 1333 (11th Cir. 2011) (quotations omitted).

First, we are unpersuaded by Green's claim that the district court abused its discretion in using the pattern jury instructions and declining to issue several of her proposed instructions. Under the FMLA, an eligible employee may take up to 12 workweeks of leave during any 12-month period because of a "serious health condition that makes the employee unable to perform the functions of [her]

3

position." 29 U.S.C. § 2612(a)(1)(D). It is unlawful for an employer to interfere with the exercise of an employee's rights under the FMLA. Id. § 2615(a)(1). The FMLA defines "serious health condition" as "an illness, injury, impairment, or physical or mental condition . . . involv[ing] . . . (A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider." Id. § 2611(11).

The regulations define "serious health condition" as "an illness, injury, impairment or physical or mental condition that involves inpatient care . . . or continuing treatment by a health care provider." 29 C.F.R. § 825.113(a). A "serious health condition involving continuing treatment" includes, inter alia, a period of incapacity of more than three days and any subsequent treatment or period of incapacity that involves "[t]reatment two or more times, within 30 days of the first day of incapacity, unless extenuating circumstances exist, by a health care provider." Id. § 825.115(a)(1). "[I]ncapacity means inability to work, attend school or perform other regular daily activities due to the serious health condition, treatment therefore, or recovery therefrom." Id. § 825.113(b).

An employee taking FMLA leave must provide at least 30 days' notice before doing so, or, if 30 days' notice is not possible, as soon as practicable. Id. § 825.302(a). The employee must give "at least verbal notice sufficient to make the employer aware that [she] needs FMLA qualifying leave, and the anticipated

4

timing and duration of the leave." Id. § 825.302(c). "When an employee seeks leave for the first time for a FMLA-qualifying reason, the employee need not expressly assert rights under the FMLA or even mention the FMLA." Id.

"To prove FMLA interference, an employee must demonstrate that [she] was denied a benefit to which [she] was entitled under the FMLA," but she need not show that the employer intended to deny her the right. Martin v. Brevard Cnty. Pub. Sch., 543 F.3d 1261, 1266-67 (11th Cir. 2008). "To prove FMLA retaliation, an employee must show that [her] employer intentionally discriminated against [her] for exercising an FMLA right." Id.

In this case, the record reveals that the district court's jury instructions accurately reflected the law. Among other things, the district court's jury instructions correctly listed the appropriate elements of Green's FMLA claims; tracked the statutory definition of "serious health condition"; and included an instruction concerning "notice" that accurately reflected 29 C.F.R. § 825.302. See 29 U.S.C. §§ 2611(11), 2612(a)(1)(D), 2615(a)(1); Martin, 543 F.3d at 1266-67. Green asserts, however, that the district court's instructions were "incomplete" or that her proposed instructions were better -- but we find no abuse of discretion.

For starters, Green's argument -- that the district court's instruction concerning "serious health condition" was incomplete -- is unavailing. The instruction as given left room for the jury to determine that Green's influenza was

a "serious medical condition" because the doctor's recommendation that she not return to work for more than three days might indicate that a complication had arisen. But even if Green's definition of "serious health condition" was more complete given the circumstances of her case, the district court did not abuse its considerable discretion in declining to use it in favor of another instruction that accurately reflected the law.

Further, as the record reflects, the jury found per its verdict form that Green did not qualify for FMLA leave because she did not have a "serious health condition," and thus did not address the questions concerning notice and the other elements of Green's claims. Because the jury did not reach these other instructions, any error in those instructions was harmless. See Spakes, 631 F.3d at 1310 (concluding that district court's failure to give jury instructions on an employer's defense in an FMLA case was harmless where the jury specifically rejected that defense in a special verdict form).

We are also unconvinced by Green's argument that the district court abused its discretion in admitting evidence of her prior history of absenteeism, which she contends was "bad character evidence" that ran afoul of Fed.R.Evid. 404(b)(1). Relevant evidence is admissible unless prohibited by the U.S. Constitution, a federal statute, the Rules of Evidence, or other rules that the Supreme Court promulgates. Fed.R.Evid. 402. Evidence is relevant if (1) it tends to make a fact

6

more or less probable and (2) the fact is of consequence in determining the case. Id. 401(a)-(b). The district court may exclude relevant evidence, however, if the danger of unfair prejudice, confusing the issues, or misleading the jury substantially outweighs its probative value. Id. 403. Evidence of an individual's character or a character trait may not be admitted to prove that the individual acted in accordance with that character or trait on a particular occasion. Id. 404(a)(1). Additionally, "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Id. 404(b)(1). Nevertheless, evidence of past crimes, wrongs, or other acts may be admitted for other purposes. See id. 404(b)(2). In applying Rule 404, "[t]he determination must be made whether the danger of undue prejudice outweighs the probative value of the evidence" in accordance with Rule 403. Id. 404(b) advisory committee's note.

As we've already discussed, the jury determined in its verdict form that Green did not suffer from a "serious health condition" under the FMLA. Because the jury determined that Green had not proven the first element of her claim -- that she suffered from a "serious health condition" -- the evidentiary ruling that Green disputes here did not factor into the jury's deliberations. Thus, any error that the district court may have made in admitting evidence of her history of absenteeism was harmless.

**AFFIRMED.**