[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11127
Non-Argument Calendar
_____

D.C. Docket No. 6:12-cv-00071-GKS-TBS


CHRISTINE BAILEY,

Plaintiff-Appellant,

versus

CITY OF DAYTONA BEACH SHORES,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 20, 2014)

Before CARNES, Chief Judge, TJOFLAT and JORDAN, Circuit Judges.

PER CURIAM:

Christine Bailey appeals the district court's grant of summary judgment to her former employer, the City of Daytona Beach Shores, on her claims of interference and retaliation under the Family and Medical Leave Act, 29 U.S.C. §§ 2601–2654.

I.

Bailey worked as a fire inspector for the City, which required its employees to adhere to a drug-free workplace policy and to inform their supervisors about the use of any prescription drugs that could "impair [] safety, performance, or any motor functions." The policy provided that an employee who violated it would be subject to discipline "up to and including discharge." In March 2010, while Bailey was away on FMLA leave, the City Clerk noticed that Bailey had submitted to the City a claim for reimbursement for the cost of prescription narcotics that she was taking.[1] Considering that a violation of its drug-free workplace policy, the City confronted Bailey upon her return, and she admitted both to taking the drugs prescribed to her and to not disclosing the use of those drugs to the City. The City gave Bailey the option to resign or be terminated, and she chose to resign.

---

[1] The City is self-insured, so the City Clerk acts as the plan administrator, which includes reviewing all claims for reimbursement for prescription medication. Bailey's claim caught the Clerk's eye because the $500.00 cost that Bailey claimed was unusually expensive. When the Clerk researched Bailey's past reimbursement claims, she learned that Bailey had filled prescriptions for the narcotic before. She also learned that the drug had a warning label cautioning against driving while on the medication. The Clerk reported Bailey's prescription to the City Manager because she was afraid that Bailey might have been impaired by the medication while driving a city-owned vehicle as part of her job as a fire inspector.

Bailey sued the City alleging that it had interfered with her FMLA rights and retaliated against her for exercising those rights. The district court rejected Bailey's attempt, made in a motion to strike, to bar the City from using her personal health information in its defense.[2] The court then granted summary judgment to the City on Bailey's interference claim after determining that the City would have taken the same action against her irrespective of her FMLA leave. The court also granted summary judgment to the City on the retaliation claim because Bailey had not established a prima facie case of retaliation, and she had not shown that the reason given by the City for its action against her was pretextual.

Bailey raises three issues on appeal. First, she contends that the district court erred in allowing the City to rely on her personal health information to defend itself against her lawsuit after the Department of Health and Human Services notified the City that using that information for employment-related decisions would violate Bailey's rights under the Health Insurance Portability and Accountability Act (HIPAA). Second, she contends that the district court erred in granting summary judgment to the City on her interference claim because there was a sufficient basis for a jury to conclude that the City had interfered with her

---

[2] Under the Health Insurance Portability and Accountability Act, "health information" is a defined term meaning: "information, whether oral or recorded in any form or medium, that (A) is created or received by a health care provider, health plan, public health authority, employer, life insurer, school or university, or health care clearinghouse; and (B) relates to the past, present, or future physical or mental health or condition of an individual, the provision of health care to an individual, or the past, present, or future payment for the provision of health care to an individual." 42 U.S.C. § 1320d(4).

FMLA rights.  Third, she contends that the district court erred in granting summary judgment to the City on her retaliation claim because she had established a prima facie case of retaliation and the City's proffered reason for its adverse employment action against her was pretextual.

## II.

We review de novo questions of law that underlie evidentiary decisions. Lamonica v. Safe Hurricane Shutters, Inc., 711 F.3d 1299, 1317 (11th Cir. 2013). HIPAA prohibits the use and disclosure of personal health information in employment-related decisions, see 45 C.F.R. § 164.504(f)(2)(ii)(C), and it authorizes governmental actors to enforce the rights created by the statute, see 42 U.S.C. § 1320d-5.  But the statute does not bar a defendant in a non-HIPPA lawsuit from using the plaintiff's personal health information to defend against that lawsuit.  See generally 42 U.S.C. §§ 1320d to 1320d-9.  And neither we nor the United States Supreme Court has interpreted HIPAA as implying such a rule.  It follows that the district court did not err in concluding that there was no legal basis for excluding Bailey's personal health information, which is relevant to this case. The City proffered that information to the district court to defend itself from

Bailey's lawsuit; its use of the personal health information in that way was not part of an employment-related decision.[3]

## III.

We review de novo a district court's grant of summary judgment, considering the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in her favor. Ellis v. England, 432 F.3d 1321, 1325 (11th Cir. 2005). Summary judgment is appropriate if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. See id.; see also Fed. R. Civ. P. 56(a).

## A.

The FMLA grants an eligible employee the right to a certain amount of unpaid leave each year for specified reasons enumerated in the act. 29 U.S.C. § 2612(a)(1). If an employer "interfere[s] with, restrain[s], or den[ies] the exercise of" an employee's rights under the FMLA, the FMLA allows that employee to bring a private action against the employer. Hurlbert v. St. Mary's Health Care Sys., Inc., 439 F.3d 1286, 1293 (11th Cir. 2006) (quoting 29 U.S.C. §§ 2615(a)(1)). We have recognized that the FMLA creates a claim for interference, "in which an employee asserts that [her] employer denied or

---

[3] In the case before us, Bailey has not asserted an independent claim against the City for a violation of her HIPAA rights, so we do not address whether any of the City's actions would have otherwise constituted a violation of HIPAA.

5

otherwise interfered with [her] substantive rights under the Act." Id. (quotation marks omitted).

One of the substantive rights which the FMLA protects from interference, and the right at issue here, is the right "to be restored . . . to the position of employment held by the employee when the leave commenced" or "to be restored to an equivalent position." 29 U.S.C. § 2614(a)(1). That right, however, is not absolute. See 29 U.S.C. § 2614(a)(3)(B). An employer is not liable for interference, for instance, if it can show that it refused to restore the employee to her position of employment for a reason unrelated to her FMLA leave. See Spakes v. Broward Cnty. Sheriff's Office, 631 F.3d 1307, 1310 (11th Cir. 2011); Strickland v. Water Works & Sewer Bd. of City of Birmingham, 239 F.3d 1199, 1208 (11th Cir. 2001) ("An employer can deny the right to reinstatement . . . if it can demonstrate that it would have discharged the employee had he not been on FMLA leave.").

Here, the City presented Bailey with the option to resign or be terminated because she had used prescription narcotics without reporting that use to the City. Even when the facts are viewed in the light most favorable to Bailey, there is no genuine dispute of material fact that the City would have taken that same action if Bailey had not taken FMLA leave. The City did not take action against Bailey as a result of her FMLA leave, and its decision was unrelated to that leave. The district

6

court did not err by granting summary judgment in favor of the City on Bailey's interference claim.

B.

In addition to interference claims, we have recognized that the FMLA creates a claim for retaliation, "in which an employee asserts that [her] employer discriminated against [her] because [s]he engaged in [an] activity protected by the Act." Hurlbert, 439 F.3d at 1293 (quotation marks omitted).  To establish a retaliation claim, an employee must demonstrate that her employer intentionally discriminated against her for exercising a right guaranteed under the FMLA. Martin v. Brevard Cnty. Pub. Sch., 543 F.3d 1261, 1267 (11th Cir. 2008).  Absent direct evidence of retaliatory intent, we apply the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817 (1973). Martin, 543 F.3d at 1268.  Under that framework, the employee bears the initial burden of establishing a prima facie case of FMLA retaliation.  Id.  If a prima facie case is established, the burden then shifts to the employer "to articulate a legitimate reason" for the action it took against the employee.  Hurlbert, 439 F.3d at 1297. Once such a reason is articulated, the employee must "show that the [employer's] proffered reason for the adverse action is pretextual."  Id.  To survive summary judgment, specific facts showing pretext are needed; "[m]ere conclusory

7

allegations and assertions will not suffice." Earley v. Champion Int'l Corp., 907 F.2d 1077, 1081 (11th Cir. 1990).

Here, the City explained that it gave Bailey the option to resign or be terminated because she had violated its drug-free workplace policy. Even assuming that Bailey could establish a prima facie case of retaliation, she has not shown that the City's articulated reason for its action was pretextual. She put forth no evidence to support her allegation of pretext, and mere conclusory allegations are not enough. Because there is no genuine dispute of material fact, and because the City is entitled to judgment as a matter of law, the district court did not err by granting summary judgment to it on Bailey's retaliation claim.

**AFFIRMED.**