[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11040
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-00709-CG-C


ANTHONY MCCARROLL,

Plaintiff-Appellant,

versus

SOMERBY OF MOBILE, LLC,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(December 12, 2014)

Before JORDAN, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Anthony McCarroll, proceeding *pro se*, appeals from the district court's grant of summary judgment in favor of Somerby of Mobile, LLC ("Somerby"), in his employment-discrimination suit based on the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(a), and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2615(a).  McCarroll argues that the record contained sufficient evidence before the district court to preclude summary judgment.  After careful review, we affirm the judgment of the district court.

## I.

McCarroll was employed as a part-time bus driver for Somerby, a senior-living community in Mobile, Alabama.  He was terminated from that employment on December 12, 2011, after he missed work twice without giving proper notice that he would be absent.  The two instances, the facts of which are not meaningfully disputed, are as follows.

On November 29, 2011, McCarroll called in twenty minutes before his shift was scheduled to begin, stating that he was "too sore to work."  According to Somerby's attendance policy, McCarroll was required to give at least four hours' notice of any absence.  On December 10, 2011, McCarroll was scheduled to work from 6:15 p.m. to 11:00 p.m., and he went to Somerby at about 3:30 p.m. to tell his supervisor that he would not be able to work his shift.  Because he was unable to

2

directly inform his supervisor, as required by Somerby's attendance policy, McCarroll instead left a message with the concierge on duty.

On the morning of December 12, 2011, Somerby executives decided to fire McCarroll, ostensibly due to his violations of the attendance policy.  McCarroll was told of the decision at a meeting later that morning.  During that same meeting, McCarroll produced a doctor's note recommending that he take a two-week leave of absence "while adjustment in his treatment plan becomes effective."  The note did not affect Somerby's decision to terminate McCarroll's employment.

Believing that his termination was related to his disability[1] and to his request for medical leave, McCarroll brought this federal suit alleging violations of the ADA and the FMLA.  He also indicated that he thought Somerby fired him because he was unwilling to work full time.  The district court granted summary judgment to Somerby on all claims.

## II.

We review *de novo* the district court's grant of summary judgment, viewing all evidence and factual inferences drawn from the evidence in the light most favorable to the non-moving party.  *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007).  Summary judgment is appropriate if the movant

---

[1] While McCarroll did not allege a specific disability in his complaint, he states in his initial brief on appeal that he suffers from a "mental health disability," and record evidence indicates that he has received treatment for depression- and anxiety-related disorders.  He also states that his "back problem was a persistent disability."

3

shows that there is no genuine dispute of material fact and that he is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  We liberally construe briefs filed by *pro se* litigants.  *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

### III.

McCarroll contends that Somerby failed to accommodate his disability by adjusting its attendance policy and excusing his absence on December 10, 2011, based on the doctor's note that he provided on December 12, 2011.  He also asserts that the district court erred in requiring him to prove more than that he could not comply with Somerby's attendance policy because of his disability.

The ADA prohibits an employer from discriminating against a "qualified individual on the basis of disability."  42 U.S.C. § 12112(a).  To establish a prima face case of discrimination under the ADA, a plaintiff must show that he was (1) disabled; (2) qualified; and (3) discriminated against because of his disability.[2] *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1255 (11th Cir. 2001); *Earl v. Mervyns, Inc.*, 207 F.3d 1361, 1365 (11th Cir. 2000).

"An employer unlawfully discriminates against a qualified individual with a disability when the employer fails to provide 'reasonable accommodations' for the disability—unless doing so would impose undue hardship on the employer." *Lucas*, 257 F.3d at 1255; *see* 42 U.S.C. § 12112(b)(5)(A).  An accommodation is

---

[2]  The burden-shifting analysis of Title VII employment-discrimination claims applies to the ADA.  *Holly v. Clairson Indus., L.L.C.*, 492 F.3d 1247, 1255 (11th Cir. 2007).

4

reasonable only if it would allow the employee to perform the essential functions of the job. *Lucas*, 257 F.3d at 1255. But "the duty to provide a reasonable accommodation is not triggered unless a specific demand for an accommodation has been made." *Gaston v. Bellingrath Gardens & Homes, Inc.*, 167 F.3d 1361, 1363 (11th Cir. 1999); *Willis v. Conopco, Inc.*, 108 F.3d 282, 285 (11th Cir. 1997) ("[T]he ADA provides no cause of action for 'failure to investigate' possible accommodations.")

The district court properly granted summary judgment on McCarroll's failure-to-accommodate claim under the ADA. McCarroll did not establish any facts to show that he made a specific demand for an accommodation before his supervisors decided to fire him. Instead, the uncontested facts reflect that McCarroll did not request medical leave or a modification of Somerby's attendance policy until after his supervisors had already made the decision to fire him. McCarroll's comment to his supervisor on November 29, 2011, that he was "too sore to work" was not specific enough to constitute a demand for a reasonable accommodation, nor does it appear to relate to the mental disability on which the later request for medical leave was based. Because McCarroll did not make a specific demand for an accommodation until after the decision to fire him had been made, Somerby is not liable for failing to accommodate McCarroll's disability or for failing to investigate McCarroll's disability before making the decision to

5

terminate McCarroll's employment. *See Gaston*, 167 F.3d at 1364; *Willis*, 108 F.3d at 285.

In addition, McCarroll presented no evidence to show that his disabilities prevented him from following Somerby's absence-reporting policy, nor does he explain how the accommodations of a temporary leave of absence or a more lenient attendance policy would have allowed him to perform the job's essential functions. *See Lucas*, 257 F.3d at 1255-56 (stating that the plaintiff bears the burden of identifying an accommodation and demonstrating its reasonableness). Consequently, Somerby was entitled to judgment as a matter of law on McCarroll's failure-to-accommodate claim.

## IV.

McCarroll contends that he stated claims under the FMLA because he was denied the right to take medical leave as recommended in the doctor's note, and because the doctor's note, presented the next business day after his absence, shows that his request for FMLA leave and his termination were causally related.

The FMLA provides that "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period . . . [b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). To protect the availability of these rights, the FMLA prohibits employers from interfering with,

restraining, or denying "the exercise of or the attempt to exercise" any rights guaranteed under the Act.  29 U.S.C. § 2615(a)(1).

"We have recognized that § 2615(a) creates two types of claims: interference claims, in which an employee asserts that his employer denied or otherwise interfered with his substantive rights under the Act, and retaliation claims, in which an employee asserts that his employer discriminated against him because he engaged in activity protected by the Act." *Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1293 (11th Cir. 2006) (internal quotation marks omitted).

To demonstrate interference, the employee need show only that his employer interfered with or denied him an FMLA benefit to which he was entitled, not that the employer intended to interfere with or deny an FMLA benefit.  *Strickland v. Water Works & Sewer Bd.*, 239 F.3d 1199, 1207-08 (11th Cir. 2001).  To establish retaliation, however, an employee must demonstrate that his employer intentionally discriminated against him for exercising a right guaranteed under the FMLA. *Martin v. Brevard Cnty. Pub. Sch.*, 543 F.3d 1261, 1267-68 (11th Cir. 2008) ("Unlike an interference claim, an employee bringing a retaliation claim faces the increased burden of showing that his employer's actions were motivated by an impermissible retaliatory or discriminatory animus." (internal quotation marks omitted)).

The district court properly granted summary judgment on McCarroll's FMLA interference claim because the record shows that Somerby made the decision to terminate McCarroll before he requested two weeks off from work for his medical condition. Although "a causal nexus is not an element of an interference claim," Somerby is not liable for FMLA interference if it "demonstrates that it would have discharged [McCarroll] for a reason wholly unrelated to the FMLA leave." *Spakes v. Broward Cnty. Sheriff's Office*, 631 F.3d 1307, 1309-10 (11th Cir. 2011) (internal quotation marks omitted). Here, we agree with the district court that the timing of Somerby's decision to fire McCarroll, before it knew of his request for FMLA leave, shows that the termination decision was "wholly unrelated" to his request for medical leave. *See id*. Nor is there record evidence indicating that Somerby was aware that McCarroll intended to take medical leave around the time that it made the decision to fire him. Furthermore, McCarroll likely could not be considered an "eligible employee" entitled to benefits under the FMLA, given that it is undisputed that Somerby had decided to terminate McCarroll's employment before he asked for medical leave.

For these same reasons, the district court properly granted summary judgment on McCarroll's FMLA retaliation claim. *See Strickland*, 239 F.3d at 1207. Because McCarroll has not shown a causal connection between his request for medical leave and his termination, he cannot meet the "increased burden of

8

showing that his employer's actions were motivated by an impermissible retaliatory or discriminatory animus." *See Martin*, 543 F.3d at 1267-68. Accordingly, the district court did not err in granting summary judgment to Somerby on McCarroll's FMLA claims.

## V.

Because the district court properly granted summary judgment to Somerby on McCarroll's claims under the ADA and FMLA, we affirm.

**AFFIRMED.**