[7] Matulis testified that it occurred in late January and Beck testified that it occurred on February 2, 2017. (Doc. 70 at 55-57 & 126).
[8] On the morning prior to Aponte's termination, B & B terminated Beck's employment. (Doc 70 at 39-40).
[9] At trial, B & B argued that Aponte had not established an FMLA interference claim because his FMLA leave was not the proximate cause of his termination. (Doc. 71 at 124-125). However, "a causal nexus is not an element of an interference claim, but that the employer can raise the lack of causation as an affirmative defense." Spakes v. Broward Cty. Sheriff's Office , 631 F.3d 1307, 1309 (11th Cir. 2011). Therefore, B & B's argument is best suited to support its affirmative defense, not to determine whether Aponte established his interference claim.
[10] The Court states "at the latest" as this was the time Matulis directed Cockayne to call Aponte on March 3, 2017, to inquire about his 2-20 license status and notify Aponte of Matulis' decision to terminate him if he had not obtained the license. (Doc. 70 at 130-131, 161, & 183-184). Moreover, it is clear from the record that Matulis was the decisionmaker as to Aponte's termination, while Cockayne and Pinkalla were merely facilitators or conduits of Matulis' decision. Raney v. Vinson Guard Serv., Inc. , 120 F.3d 1192, 1198 (11th Cir. 1997) (holding that an employee functioning as "a facilitator or conduit only" is not a true decisionmaker). Cockayne and Pinkalla lacked the power to terminate Aponte and were merely carrying out Matulis' decision. (Doc. 70 at 117-118, 174-175, & 221-222).
[11] The Court declines the parties' invitation to speculate on whether Aponte would have passed the exam on his fifth attempt. Moreover, while the parties debate this issue, the Court emphasizes that Matulis did not state that Aponte had to pass the exam by March 3, 2017, but that he had to obtain his 2-20 license by March 3, 2017 or be terminated.
[12] Unpublished opinions of the Eleventh Circuit constitute persuasive, not binding, authority. See 11th Cir.
R. 36-2 and I.O.P. 6.
[13] Similarly, the Court is unpersuaded by Aponte's reliance on Parris v. Miami Herald Publishing Co. , 216 F.3d 1298 (11th Cir. 2000) and Strickland v. Water Works and Sewer Board of City of Birmingham , 239 F.3d 1199 (11th Cir. 2001), as they were decided at the summary judgment stage. The Court also rejects Aponte's reliance on Paylor v. Hartford Fire Insurance Co. , 748 F.3d 1117 (11th Cir. 2014), which involved a former employee's signing of a severance agreement purporting to waive any FMLA claims she may have had against her former employer, as it is factually distinguishable from the present case.
[14] B & B re-argued this point in its Response to Aponte's Partial Motion for Summary Judgment. (Doc. 31 at 15-16).
[15] Aponte relies on Matthews v. Village Center Community Development District. , No. 5:05-CV-344-OC-10GRJ, 2006 WL 3422416, (M.D. Fla. Nov. 28, 2006), to argue that he is entitled to equitable relief regardless of the existence of monetary damages. (Doc. 56 at 16-17; Doc. 74 at 21-22). However in Matthews , the court held that the plaintiff's FMLA interference claim based on the plaintiff not being reinstated to her position could not go forward because the employer had shown that it would have refused to reinstate the employee for a reason wholly unrelated to her FMLA leave. Matthews , 2006 WL 3422416, at *19. Similar to the present case, the plaintiff in Matthews also sought equitable relief, such as reinstatement. (Id. at Doc. 14).
[16] Similarly, Aponte also argues that he is entitled to judgment in his favor because B & B's reason for his termination does not fit any of the circumstances listed in 29 CFR § 825.216. (Doc. 71 at 110-111; Doc. 74 at 15). However, the regulation's language indicates that it is a non-exhaustive list of examples. Venegas v. Aerotek, Inc. , No. 14 C 9829, 2016 WL 4140828, at *2 (N.D. Ill. Aug. 2, 2016) ("Indeed, the Department of Labor's regulations interpreting the FMLA provide three non-exhaustive examples of when an employer may properly terminate an employee without violating the FMLA ....") (emphasis added). Moreover, Aponte, relying on 29 U.S.C. § 2614(b)(1)(A), also argues that B & B never asserted that restoring Aponte would cause B & B "substantial or grievous economic injury." (Doc. 74 at 12). However, the statute does not state that this is the only circumstance that would allow an employer to lawfully deny an employee's right to restoration. In addition, the statute only protects those employees who meet the definition of an "eligible employee" as defined by 29 U.S.C. § 2614(b)(2). See 29 U.S.C. § 2614(b)(1)(A). Aponte does not argue that he fits the definition.
--------