[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-11499

Non-Argument Calendar

_____

CANDACE E. HERREN,

Plaintiff-Appellant,

*versus*

LA PETITE ACADEMY, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket Nos. 2:16-cv-01308-LSC,
2:17-cv-00739-LSC

_____

Before JORDAN, BRANCH, and EDMONDSON, Circuit Judges.

PER CURIAM:

Candace Herren appeals the district court's grant of summary judgment in favor of her former employer, La Petite Academy, Inc., ("La Petite"), on Herren's claim for interference under the Family and Medical Leave Act of 1993, 29 U.S.C. §2615(a) ("FMLA"). Reversible error has been shown; we vacate the judgment and remand for further proceedings.

**I.**

This appeal is the second time this litigation has come before us for review. In August 2016, Herren filed a civil action against Le Petite for unlawful retaliation and interference under the FMLA. Herren later filed a second civil action against Le Petite, in which she asserted claims for unlawful discrimination based on her race, age, and medical disability. The district court consolidated the two civil actions and later granted La Petite's motion for summary judgment on all of Herren's claims.

In Herren's first appeal before us, we affirmed the district court's grant of summary judgment on Herren's claims for retaliation under the FMLA and for unlawful discrimination. We concluded, however, that -- in reviewing Herren's claim for FMLA interference -- the district court failed to place the burden of proof on the appropriate party.

We vacated the district court's grant of summary judgment on Herren's FMLA interference claim. We remanded for the district court to consider in the first instance whether La Petite satisfied its burden to show that it would have terminated Herren's employment for reasons "wholly unrelated" to Herren's request for FMLA leave. *See Herren v. La Petite Acad., Inc.*, 820 F. App'x 900 (11th Cir. 2020) (unpublished).

On remand, the district court again granted summary judgment in favor of La Petite on Herren's FMLA interference claim. In its order dated 22 April 2022, the district court determined that La Petite demonstrated sufficiently that the employment decision was wholly unrelated to Herren's request for FMLA leave.

## II.

La Petite operates childcare centers throughout the United States. Herren began working for La Petite in 1986. From 2013 until the termination of her employment in May 2016, Herren worked as the Director of La Petite's Grayson Valley center in Birmingham, Alabama.

In December 2015, an infant at La Petite's center in Brookwood died after becoming unresponsive during a nap. Following that tragic incident, La Petite's Alabama-based childcare centers came under increased scrutiny by the Child Care Services Division of the Alabama Department of Human Resources ("DHR"). Among other things, DHR increased the frequency of its inspection visits. In the first few months of 2016, DHR issued

several deficiency reports to La Petite's centers, including the Grayson Valley center.

On 29 February 2016, Herren's then-supervisor issued Herren a written performance improvement plan ("PIP") to address Herren's performance in the light of DHR's deficiency reports. The PIP described Herren as having "[p]oor overall performance" based on her failure to maintain compliance with La Petite's company policies and with applicable state and local regulations. The PIP also warned that failure to maintain acceptable levels of performance could result in disciplinary action, including separation of employment.

Following inspection visits on 5 and 7 April, DHR issued the Grayson Valley center two additional deficiency reports. On 26 April, La Petite's Divisional Vice President of Operations (Cindy Lehnhoff) placed Herren on administrative leave pending further investigation. Lehnhoff assigned Rhonda Kirk (La Petite's Interim Human Resources Manager) to investigate the Grayson Valley center and Herren's performance. As part of that investigation, Kirk visited the Grayson Valley site on 28 April. That same day, Kirk prepared a report summarizing her findings and recommending that Herren's employment be terminated. Following Kirk's investigation, Lehnhoff decided to terminate Herren's employment. On 2 May 2016, Lehnhoff notified Herren that her employment was terminated.

Herren suffers from colitis and Crohn's disease. In March 2015, La Petite approved Herren's request for intermittent FMLA

22-11499                Opinion of the Court                5

leave from 17 March 2015 to 17 March 2016 to allow Herren to obtain once-monthly chemotherapy treatments for her medical conditions.

In March 2016, Herren advised her new supervisor (Felicia Gist) that her Crohn's disease was no longer in remission and that she would need to take 12 weeks of FMLA leave starting in May. On 26 April (the same day Herren was placed on administrative leave) Herren requested and received paperwork from La Petite's benefits department to renew her FMLA leave. Herren emailed the completed paperwork the next day, requesting FMLA leave from 27 April through 24 June.

In emails dated 27 April, a benefits specialist advised Gist that Herren would need to take FMLA leave starting that day. On 2 May (the day Herren's employment was terminated), Herren received a certified letter informing her that she was eligible for the additional FMLA leave she had requested.

## III.

We review *de novo* the district court's grant of summary judgment; we "view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." *Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000) (*en banc*). Summary judgment is appropriate when the record shows "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A material fact is genuine if the evidence is such that a reasonable jury could return

a verdict for the nonmoving party." *Furcron v. Mail Ctrs. Plus, LLC*, 843 F.3d 1295, 1303 (11th Cir. 2016) (quotations omitted).

To establish a claim for inference under the FMLA, a plaintiff need only demonstrate -- by a preponderance of the evidence -- that she was entitled to a benefit that was denied by her employer. *See Strickland v. Water Works & Sewer Bd.*, 239 F.3d 1199, 1206-07 (11th Cir. 2001). Causation is no element of a plaintiff's FMLA interference burden; "the employer's motives are irrelevant." *See id.* at 1207; *Spakes v. Broward Cty. Sheriff's Office*, 631 F.3d 1307, 1309 (11th Cir. 2011). That Herren established a claim for FMLA interference is undisputed.

When -- as in this case -- an employee establishes an FMLA interference claim, the employer may then "raise the lack of causation as an affirmative defense" to liability. *See Spakes*, 631 F.3d at 1309. To establish this affirmative defense, the employer bears the burden of "demonstrat[ing] that it would have discharged [the] employee 'for a reason *wholly unrelated* to the FMLA leave.'" *Id.* at 1310 (emphasis added); *see Krutzig v. Pulte Home Corp.*, 602 F.3d 1231, 1236 (11th Cir. 2010) ("[T]he right to commence FMLA leave is not absolute, and . . . an employee can be dismissed, preventing her from exercising her right to commence FMLA leave, without thereby violating the FMLA, if the employee would have been dismissed regardless of any request for FMLA leave.").

According to La Petite, the decision to terminate Herren's employment was based on performance-related issues stemming from the DHS deficiency reports: a reason it says was wholly

22-11499               Opinion of the Court                7

unrelated to Herren's application for FMLA leave.  On remand, the district court determined that -- because La Petite "began the process of terminating Herren before she ever requested FMLA leave" -- La Petite demonstrated adequately that the decision to terminate Herren's employment was wholly unrelated to Herren's FMLA application.

Upon review of the record, we conclude that the district court erred in granting summary judgment in favor of La Petite. The record -- viewed in Herren's favor -- does not establish *beyond dispute* that La Petite would have terminated Herren's employment regardless of her FMLA leave request.

That the entire decisional process that resulted in the termination of Herren's employment began before Herren's FMLA leave request does not establish -- without dispute -- that the decision to terminate Herren's employment was wholly unrelated to the FMLA leave request.  La Petite began considering additional disciplinary action against Herren following DHR's two deficiency reports in early April.  La Petite, however, presented no unrebutted evidence that a final decision to terminate Herren's employment had been made *before* Herren requested additional FMLA leave on 27 April.

To the contrary, the evidence supports a reasonable inference that Lehnhoff decided to terminate Herren's employment *after* Herren's 27 April leave request.  Herren was placed on administrative leave on 26 April pending an investigation.  Lehnhoff charged Kirk with conducting the investigation.  On April 28, Kirk

visited the Grayson Valley site and prepared a report documenting her findings. According to Lehnhoff's deposition testimony, Lehnhoff decided to terminate Herren's employment *after* Kirk completed her investigation: at least one day *after* Herren's FMLA leave request. Given the overlap in time between La Petite's investigation and Herren's FMLA leave request, the record does not show affirmatively that the two events were unrelated.

On appeal, the parties each present argument about whether Lehnhoff in fact knew about Herren's 27 April FMLA leave request when she decided to terminate Herren's employment. These arguments are made for a good reason. We have concluded that one way in which an employer might satisfy its burden of proving that an employment decision was "wholly unrelated" to an employee's FMLA request is by presenting unrebutted evidence that -- at the time the decision was made to terminate an employee's employment -- the decisionmaker was unaware of the employee's request for FMLA leave. *See Krutzig*, 602 F.3d at 1236.

We note, however, that the district court included no discussion of Lehnhoff's knowledge in its 22 April 2022 summary-judgment order. Nor can we conclude that this record establishes beyond dispute that Lehnhoff was unaware of Herren's 27 April FMLA leave request. The record contains evidence from which a factfinder could infer reasonably that Lehnhoff knew about the FMLA request, including (1) Lehnhoff's equivocal testimony about whether she knew about Herren's FMLA leave status or about Herren's request for additional leave; (2) undisputed evidence that both

22-11499                Opinion of the Court                9

Kirk and Gist knew about Herren's request to take additional FMLA leave; (3) Kirk's central role in investigating Herren and Grayson Valley; and (4) evidence that Kirk's investigation notes included a reference to Herren's FMLA status.

In sum, La Petite, for now at least, has failed to satisfy its burden of establishing --beyond dispute -- that the reason for terminating Herren's employment was "wholly unrelated" to Herren's FMLA leave request. A genuine issue of disputed material fact exists; the district court erred in granting summary judgment. We vacate the district court's grant of summary judgment on Herren's FMLA interference claim and remand for further proceedings consistent with this opinion.[*]

VACATED AND REMANDED.

---

[*] On appeal, Herren argues that the district court erred in granting summary judgment on an issue not raised properly in La Petite's summary-judgment motion. We have already rejected this argument. In deciding Herren's initial appeal, we noted that -- although La Petite "did not couch its argument on the FMLA interference claim in terms of an affirmative defense" -- the district court committed no error in addressing the issue of causation because Herren raised the issue in her response to La Petite's summary-judgment motion. We remain bound by our earlier ruling on this matter. *See Lebron v. Sec'y of Fla. Dep't of Child. & Fams.*, 772 F.3d 1352, 1360 (11th Cir. 2014) ("Under the 'law of the case' doctrine, the 'findings of fact and conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal.'").